OPINION
Malachi M. Bryant appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of trafficking in marijuana in violation of R.C. 2925.03, after a jury found him guilty. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
 II. THE JURY VERDICT FINDING APPELLANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED AS A RESULT OF PROSECUTORIAL MISCONDUCT.
On April 11, 2001, officers from the Vice Unit executed a search warrant at the residence of Amanda Tyler, in Canton, Stark County, Ohio. The officers found marijuana and drug paraphernalia, and arrested Tyler and appellant, who was staying there. The warrant had been issued after police received complaints that Tyler was selling marijuana from her residence, and after a confidential informant purchased marijuana from her. Police seized three cigar boxes from the residence, containing 13.05 grams, 47.74 grams, and 3.34 grams of marijuana respectively. Police recovered a plastic bag containing 114 grams of marijuana, and 3 zip lock bags containing 149.87 grams. The police also seized a pipe and bong containing marijuana residue.
Tyler provided a written statement to the police, admitting she trafficked in marijuana, and had appellant cover sales while she was at work.
At trial, appellant testified in his own behalf and admitted his role. Appellant testified Tyler had bagged and weighed the drugs, and arranged for people to come to the apartment. Appellant's role in the trafficking was to give the bags to the customers, and appellant denied receiving any money from the sales.
 I
In his first assignment of error, appellant urges the trial court erred in overruling his motion for acquittal made at the close of the State's case. Pursuant to Crim. R. 29, a trial court shall enter a judgment of acquittal if it finds the evidence is insufficient to sustain a conviction. In State v. Bridgeman (1978), 55 Ohio St.2d 261, the Ohio Supreme Court held a trial court should not enter judgment of acquittal if the evidence presented is such that reasonable minds could reach different conclusions as to whether each material element of a crime was proven beyond a reasonable doubt.
We have reviewed the record, and we find appellant admitted distributing the packaged marijuana to Tyler's customers. Tyler testified appellant conducted the operation while she was at work. We find this evidence is legally sufficient, if believed by the trier of fact, for the jury to conclude appellant was guilty beyond a reasonable doubt.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the jury's verdict is against the manifest weight of the evidence. In State v.Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the legal concepts of sufficiency of the evidence as discussed in I, supra,
and weight of the evidence are both qualitatively and quantitatively different. While sufficiency of the evidence is a legal issue, weight of the evidence deals with the amount and strength of the evidence presented on one side of the issue, and is for the trier of fact to determine. We may reverse only if, after reviewing the entire record, we determine the jury clearly lost its way and created a manifest miscarriage of justice, see State v. Martin (1983), 20 Ohio App.3d 172 at 175.
We find the verdict of the jury supported by the manifest weight of the evidence. Accordingly, the second assignment of error is overruled.
 III
In his third assignment of error, appellant argues the court violated his right to due process when it permitted the prosecutor to commit misconduct. Specifically, the prosecutor in the opening statement told the jury there was a confidential informant to whom appellant refused to sell marijuana because he did not know the informant. The State did not present any evidence whatsoever in support of this statement.
Prior to the opening statements, the court gave the jury preliminary instructions, including the instruction that the attorneys are not witnesses, and the jury must not consider as evidence any statement any attorney makes during the trial, Tr. at pages 68-69. Further, appellant did not object to the comment, or move for mistrial. Thus, if we find error at all, it must be under the doctrine of plain error. Pursuant to Crim. R. 52 (B), this court should reverse based upon plain error only if the outcome of the trial clearly would have been different if the error had not occurred. We may take notice of plain error only in exceptional circumstances to prevent a manifest miscarriage of justice.
Given the court's instruction to the jury regarding opening statements, and considering the conduct of the trial otherwise, we conclude the single comment by the prosecutor did not deny appellant his right to a fair trial.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., WISE, J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.